IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| RONALD W. VAUGHN, JR., | Cause No. CV 07-49-H-DWM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| COLEEN AMBROSE, M.S.P., HOUSE COUNSEL; LYNN FOSTER, M.S.P., PROPERTY OFFICER, | |
| Defendants. | |

On August 14, 2007, Plaintiff Ronald Vaughn, Jr., moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983. Plaintiff is a state prisoner proceeding pro se. The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331.

**I. Preliminary Screening**

Because Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to 28 U.S.C. §§ 1915 and 1915A, which impose a screening responsibility on the district court. The Court must identify cognizable claims and dismiss cases or claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

*Williams,* 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations and quotations omitted).

Although the statutes require dismissal for the reasons stated, they do not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct 2197, 2200 (2007) (per curiam) (internal quotation marks and citations omitted); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

## II. Plaintiff's Allegations

Plaintiff claims a violation of his First Amendment right to access the courts.  He alleges that

he was classified to administrative segregation at Montana State Prison ("MSP") on February 15, 2007. On February 20, Defendant Property Officer Lynn Foster took from his cell a cassette tape which contained a recording of a proceeding before the Montana Supreme Court. Plaintiff avers that Defendant Foster seized the tape based on "orders" given by Defendant Colleen Ambrose, an attorney for the Department of Corrections. Plaintiff was told that he could choose between sending the tape to someone outside the Prison or destroying it. He wrote to Associate Warden Myron Beeson and others to attempt to get the tape back, but he was told that he could not have it due to property restrictions in administrative segregation. *See* Compl. (doc. 2) at 4, ¶ IV.A.1; *see also, e.g.*, *id*. Attachments (doc. 2-2) at 1-2, 5.

Plaintiff describes the tape as a recording of a show-cause hearing and evidence of the "ineffective actions" of the attorney who represented him on direct appeal of his conviction and sentence. *See State v. Vaughn*, No. 05-484 (Mont. opinion issued July 10, 2007). He contends that he cannot adequately support his state petition for postconviction relief without the tape and that he will be compelled to omit his claim for ineffective assistance of appellate counsel from the petition. *Id*.; *id*. at 5, ¶ V.

For his relief, Plaintiff seeks an injunction directing the Defendants to permit him to have the tape. *Id*. at 5, ¶ VI.

**III. Analysis**

    **A. Right of Access to the Courts**

To state a claim for violation of the right to access the courts, a plaintiff must show that he suffered an actual injury, "such as the inability to meet a filing deadline or present a claim." *Lewis*

*v. Casey*, 518 U.S. 343, 348 (1996). In *Lewis*, the United States Supreme Court held that a suit under 42 U.S.C. § 1983 cannot be maintained on every occasion on which an inmate is denied access to legal resources. The Court held that there is no "abstract, freestanding right to a law library or legal assistance." The right arises only in the context of an actual need for such assistance, that is, when an inmate seeks access to the courts. If the inmate obtains or may obtain access to the courts despite his lack of access to legal assistance, then he cannot claim that he was harmed by his lack of access to legal assistance, and he cannot state a claim under 42 U.S.C. § 1983. *See Lewis*, 518 U.S. at 347 (inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.").

Here, Plaintiff does not and cannot show that has been or necessarily will be harmed by the fact that he does not have the cassette tape. He is not barred from reviewing its contents; someone could transcribe it for him, for example, and he could both read the transcript himself and attach a copy to his postconviction petition. *See* Compl. Attachment (doc. 202) at 5. He may also explain in his postconviction petition or an attached affidavit why he does not have the tape and what he believes the tape would show if he was able to obtain access to it. Because there has been no injury and because an injury is far from inevitable, Plaintiff cannot state a claim for violation of his right to access the courts.

### B. *Turner* Test

With very liberal construction, Plaintiff's Complaint might also be construed to allege a claim that the policy prohibiting inmates in administrative segregation from having cassette tapes is flawed. However, a prison may implement even a regulation that impinges upon fundamental

constitutional rights, provided the regulation is reasonably related to a legitimate penological objective. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

Because a cassette is made of hard plastic and could readily be fashioned into a weapon, taking a cassette tape away from an inmate whose behavior or appropriate placement are in question, as is the case with inmates in administrative segregation, plainly advances legitimate penological objectives of safety and security. *See id*. at 90; Compl. Attachment (doc. 2-2) at 5. For the same reasons set forth in the previous paragraph, Plaintiff has alternative means of obtaining or using the contents of the tape. Permitting Plaintiff to have to tape would carve out a singular exception to the general rule that could only be monitored on an individual basis, which would create a significant administrative burden on staff and resources. Finally, no ready alternatives appear. Consequently, under the *Turner* standard, Defendants did not violate the Constitution when they removed the tape from Plaintiff's cell.

### C. Amendment

The Court has considered whether Plaintiff should be given an opportunity to amend his pleading. However, this is not a case where a pro se plaintiff is not aware of technical pleading requirements or where other facts, if known, might support a claim. The situation described by Plaintiff simply does not give rise to a claim for a violation of a constitutional or other federal right. Amendment would be futile. The Complaint should be dismissed for failure to state a claim.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Plaintiff's motion for injunctive relief (doc. 3) should be DENIED.

2. Plaintiff's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

3. The docket should reflect that Plaintiff's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

4. Pursuant to Fed. R. App. P. 24(a)(4)(B), the district court should CERTIFY that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Plaintiff must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to him.

DATED this  17th  day of August, 2007.

                              /s/ Keith Strong
                              Keith Strong
                              United States Magistrate Judge