FILED
MISSOULA, MT

2007 OCT 31 AM 11 11

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| RONALD W. VAUGHN, JR., | ) | CV 07-49-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| COLEEN AMBROSE, M.S.P., HOUSE COUNSEL; LYNN FOSTER, M.S.P., PROPERTY OFFICER, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

### I. Introduction

United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on August 17, 2007. After conducting a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, Judge Strong recommended dismissing the case for failure to state a claim upon which relief may be granted. Plaintiff filed objections on August 31, 2007. Plaintiff therefore is entitled to <u>de novo</u> review of the record. 28 U.S.C. § 636(b)(1). Despite Plaintiff's objections, I agree with Judge Strong's analysis, and thus, adopt the Findings and Recommendation in full.

## II.  Analysis

Plaintiff claims Defendants violated his constitutional rights by taking a cassette tape from him while he was in administrative segregation at Montana State Prison.  According to Plaintiff, the tape contains a recording of a proceeding before the Montana Supreme Court that Plaintiff intends to use in his state petition for postconviction relief.  Judge Strong recommended dismissing Plaintiff's First Amendment claim because Plaintiff failed to show he suffered an actual injury. Specifically, Judge Strong noted Plaintiff could have someone transcribe the tape for him or attach an affidavit to his petition for postconviction relief explaining why he does not have the tape and what he believes the tape would show if he had access to it.  In his objections, Plaintiff asserts he could not have someone review the tape for him because he is indigent. Plaintiff further asserts Montana law requires him to attach the tape or a transcript of the tape to his petition for postconviction relief.

As an initial matter, Plaintiff's indigent status does not prevent him from having an acquaintance transcribe the tape free of charge.[1]  Additionally, Montana law does not require Plaintiff to attach the tape or a transcript of the tape to his petition

---

[1] When prison officials confiscated the cassette tape, they informed Plaintiff he could send the tape to someone outside the prison.

for postconviction relief. Montana Code Annotated § 46-21-104 requires that a petition for postconviction relief "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Thus, Plaintiff could establish the facts he believes are contained on the tape though his own affidavit. Because Plaintiff has failed to demonstrate an actual injury, his claim for violation of the right to access the courts fails. See Lewis v. Casey, 518 U.S. 343, 348-52 (1996).

Judge Strong also recommended dismissing Plaintiff's claim that the prison policy prohibiting inmates in administrative segregation from having cassette tapes violates his constitutional rights. Judge Strong concluded the policy was valid because it was reasonably related to the legitimate penological objectives of safety and security. See Turner v. Safley, 482 U.S. 78, 89 (1987). In his objections, Plaintiff argues the restriction is arbitrary and exaggerated because he is permitted to possess other "hard plastic" property including a television with a glass picture tube. The fact that prison officials allow Plaintiff to possess some devices that may be dangerous does not prohibit those officials from restricting Plaintiff's access to other dangerous devices. Prison officials are given broad discretion in establishing rules to provide

safety and security at prisons. Id. at 84-85. Limiting the items prisoners may possess in administrative segregation is a reasonable exercise of that discretion. See Bell v. Wolfish, 441 U.S. 520, 550 (1979) (upholding prison regulation restricting inmates' receipt of hardback books).

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation are adopted in full.

IT IS FURTHER ORDERED that Plaintiff's motion for injunctive relief (dkt #3) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. The docket should reflect that Plaintiff's filing of this action counts as one strike for failure to state a claim, pursuant to 28 U.S.C. § 1915(g). Pursuant to Fed. R. App. P. 24(a)(4)(B), the Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

Dated this 31st day of October, 2007.

Donald W. Molloy, Chief Judge
United States District Court